COBB, Judge,
concurring in the result.
Rex Watkins petitioned the circuit court, pursuant to Rule 32, Aa. R.Crim. P., requesting that court to grant him a new trial based on the victim’s recantation of her testimony against him. The circuit court[1] denied the petition after holding a hearing. This Court affirmed that denial by an unpublished memorandum.
I feel compelled to point out:
*318 “The general rule regarding the awarding of a new trial based on [a] recanting witness is that, where independent evidence corroborates the testimony that a witness later seeks to recant, the grant of a new trial rests within the sound discretion of the trial judge. However, when a defendant is convicted solely on the testimony of the now recanting witness, it would be an abuse of discretion not to allow a new trial.”
Robinett v. State, 494 So.2d 952, 955 (Ala. Crim.App.1986).
The memorandum affirming the denial of Watkins’s petition does not mention the fact that this Court noted on direct appeal that a gynecologist testified that she examined the victim when the victim was 12 years old and found that her hymenal ring was not intact, which was consistent with repeated incidents of sexual penetration, abuse, or activity. Because of this fact, I believe the circuit court did not abuse its discretion by not allowing a new trial. Therefore, I concur in the result reached by the majority’s memorandum.

. The circuit court entertaining the petition was not the same trial court that originally *318 heard the case.